IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

AUGUSTA DIVISION

FILED
U.S. DISTRICT COURT
AUGUSTA DIV.

2007 JUN 18 P 4: 21

CLERK _L. Flandew_
SO. DIST. OF GA.

JIMMY CARTER,                    )
                                 )
            Plaintiff,           )
      v.                         )      CV 107-060
                                 )
VICTOR WALKER, Warden, et al.,   )
                                 )
            Defendants.          )

---

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Plaintiff Jimmy Carter, an inmate at Augusta State Medical Prison in Grovetown, Georgia, commenced the above-captioned civil rights case *pro se* and requested permission to proceed *in forma pauperis* ("IFP"). On April 17, 2007, the Court directed Plaintiff to return his Prisoner Trust Fund Account Statement and Consent to Collection of Fees forms within thirty (30) days and advised Plaintiff that all prisoners, even those proceeding IFP, must pay the filing fee of $350.00 in full. 28 U.S.C. § 1915(b)(1). Plaintiff was cautioned that failure to respond would be an election to have this case voluntarily dismissed without prejudice. (See doc. no. 4). Plaintiff failed to respond.

On May 24, 2007, the Court granted Plaintiff ten (10) additional days to comply with the terms of the Court's April 17, 2007 Order. (See doc. no. 5). Once again, Plaintiff was warned that his failure to comply in a timely fashion with the Court's Order would result in a recommendation that his case be dismissed. The time to respond has passed, and Plaintiff

has not submitted the documents required by the Court's April 17, 2007 Order, nor has he provided the Court with any explanation why he has not complied.

Plaintiff cannot proceed IFP unless he submits the requisite Trust Fund Account Statement and consents to the collection of the entire $350.00 filing fee in installments. Wilson v. Sargent, 313 F.3d 1315, 1319, 1321 (11th Cir. 2002) (*per curiam*) (citing 28 U.S.C. § 1915). Plaintiff has been warned repeatedly that failing to return the necessary IFP papers would be an election to have his case voluntarily dismissed. As Plaintiff has neither fulfilled the requirements for proceeding IFP, nor paid the filing fee, the Court **REPORTS** and **RECOMMENDS** that this case be **DISMISSED**, without prejudice.

SO REPORTED and RECOMMENDED this 18th day of June, 2007, at Augusta, Georgia.

W. LEON BARFIELD
UNITED STATES MAGISTRATE JUDGE

for the proposition that the additional impairment prong is satisfied by "something less than 'severe' within the meaning of § 404.1520(c)." Therefore, he contends that the ALJ erred by failing to determine that the "additional medical impairment" prong of Listing 12.05(C) is satisfied. (Doc. no. 9, p. 6). However, in light of Plaintiff's failure to show that he satisfies the requirements of Listing 12.05(C) concerning his intellectual functioning, his argument concerning the severity of his other physical impairments is moot.[7]

In sum, the ALJ's finding at step three of the sequential evaluation process that Plaintiff did not meet all of the necessary requirements of Listing 12.05(C) is supported by substantial evidence.

## IV. CONCLUSION

For the reasons set forth above, the Court **REPORTS** and **RECOMMENDS** that the Commissioner's final decision be **AFFIRMED**, that this civil action be **CLOSED**, and that a final judgment be **ENTERED** in favor of the Commissioner.

SO REPORTED and RECOMMENDED this _18th_ day of June, 2007, at Augusta, Georgia.

W. LEON BARFIELD
UNITED STATES MAGISTRATE JUDGE

---

[7]As noted above, to show that his impairment meets a Listing, Plaintiff needs to meet all of the specified criteria; an impairment that manifests only some of those criteria, no matter how severely, does not qualify. Sullivan, 493 U.S. at 530.

10